DENNIS K. BURKE
United States Attorney
District of Arizona
ROBERT A. FELLRATH
Assistant U.S. Attorney
405 West Congress Street, Suite 4800
Tucson, Arizona 85701-5040
Telephone: (520) 620-7300
robert.fellrath@usdoj.gov
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | )<br>) |
| Plaintiff, | ) CR 09-01121-TUC-JMR (JJM)<br>) |
| v. | )<br>) **Government Response to Defense** |
| Robert Clarence Bergseid, | ) **Objections to Draft Presentence**<br>) **Investigation Report** |
| Defendant. | )<br>) |

     Plaintiff, United States of America, by its attorneys undersigned, hereby submits the following response to the defense objections to the draft Presentence Investigation Report. The government agrees with the defendant that his prior conviction for criminal damage should not be counted in his Criminal History. Accordingly, he is eligible for sentencing pursuant to the "Safety Valve" provisions of U.S.S.G. §§5C1.2, 2D1.1(b)(11).

**I. Burden of Proof/Standard of Proof**

     In both objections, the defendant objects to his criminal history calculation. The initial burden lies on the government to prove a prior conviction. *United States v. Newman*, 912 F.2d 1119, 1122 (9th Cir. 1990). However, once the government establishes the fact of that conviction, the burden shifts to the defendant to prove it should not apply. *Newman*, 912 F.2d at 1122. *See also United States v. Howard*, 894 F.2d 1085 (9th Cir. 1990). This burden is by preponderance of the evidence. *United States v. Restrepo*, 946 F.2d 654, 656 - 657 (9th Cir. 1990) (adopting for a sentencing guidelines analysis the standard articulated by the Supreme Court in the pre-guidelines case, *McMillan v. Pennsylvania*, 477 U.S. 79

(1986)).

The Ninth Circuit has held that a defendant's rap sheet based on a fingerprint analysis or a presentence investigation report based on such a rap sheet is sufficient to satisfy the government's burden of proof in establishing a prior conviction. *United States v. Alvarado-Martinez*, 556 F.3d 732 (9th Cir. 2009).

**II. Objection to Paragraph 27:**

The government concedes that the defendant's 2001 conviction for criminal damage should not be counted in his criminal history. The government disagrees with the rationale that the conviction should not count because the defendant recalls receiving a diversionary disposition, as the defendant has not met his burden under *Newman, supra*. However, the government agrees with the rationale cited by the defendant that the offense most closely resembles disorderly conduct. Accordingly, pursuant to the Ninth Circuit's interpretation of U.S.S.G. §4A1.2(c)(1), as articulated in *United States v. Kemp*, 938 F.2d 1020, 1024 (9th Cir.1991) and *United States v. Pastrana*, 244 F.3d 1025, 1027-1028 (9th Cir. 2001), the government concedes the objection.

Respectfully submitted this 16th day of April, 2010.

DENNIS K. BURKE
United States Attorney
District of Arizona

/s/ Robert A. Fellrath

ROBERT A. FELLRATH
Assistant U.S. Attorney

Copy of the foregoing served electronically
or by other means this 16th day of April, 2010, to:

Rick Jones, Esq.
Attorney for defendant Bergseid

Joy Zeitler
U.S. Probation Officer